**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-23240-LEIBOWITZ**

**IVANS KUZNECOVS,**

*Plaintiff,*

*v.*

**MARKWAYNE MULLIN, *et al.*,**

*Defendants.*
______________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim upon Which Relief Can Be Granted [ECF No. 15] ("the Motion"). Plaintiff filed a response in opposition [ECF No. 16]. Defendant did not file a reply within the time permitted under the Local Rules or move for an extension of time to do so. Accordingly, the Motion is ripe for review. Having considered the present Motion, the Plaintiff's response, the Amended Complaint, the relevant portions of the record, and the applicable law, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff Ivans Kuznecovs, an asylee, brings this action under the Administrative Procedure Act ("APA") and the Mandamus Act to compel United States Citizenship and Immigration Services ("USCIS" or "the Agency") to adjudicate his pending application for adjustment of status. The Amended Complaint asserts four claims, each seeking an order compelling adjudication of Plaintiff's application: unreasonable delay and agency action unlawfully withheld under 5 U.S.C. §§ 555(b) and 706(1) (Claims I and IV); arbitrary and capricious agency action under 5 U.S.C. § 706(2)(A) (Claim II); and a writ of mandamus under 28 U.S.C. § 1361 (Claim III). [ECF No. 14 ¶¶ 50–72]. Defendants

move to dismiss all four claims for lack of subject-matter jurisdiction and move to dismiss the mandamus claim for failure to state a claim. [ECF No. 15].

Plaintiff was granted asylum on March 16, 2022. [ECF No. 14 ¶¶ 1, 34]. On April 17, 2023, he filed a Form I-485 application for adjustment of status under 8 U.S.C. § 1159(b). [*Id.* ¶¶ 2, 35]. USCIS denied the application on December 8, 2025, and Plaintiff moved to reopen the decision with USCIS, alleging an erroneous denial, which the Agency granted, effectively withdrawing the previous denial and requiring a new decision on his Form I-485 Application. [*Id.* ¶¶ 8–13]. On January 15, 2026, the Court granted Defendant's initial motion to dismiss as unopposed after Plaintiff failed to respond within the time permitted under the Local Rules. [ECF No. 11]. On March 19, 2026, following USCIS's decision to withdraw the denial of Plaintiff's Form I-485 Application, Plaintiff moved to vacate the dismissal of this action and reopen the case to renew his demand for a prompt adjudication of his application for adjustment of status. [*See generally* ECF No. 12]. The Court granted the motion and reopened on the case on April 21, 2026. [ECF No. 13]. Plaintiff then filed an amended complaint ("the Amended Complaint") [ECF No. 14], and Defendant filed the instant Motion.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). The party seeking to invoke the court's jurisdiction "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085–86 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(1); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). If a court lacks jurisdiction, its "only remaining function is to announce that [it] lack[s] jurisdiction and dismiss the cause." *Nationwide Mut.*

*Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022) (citing *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019)).

A district court may exercise jurisdiction over a mandamus action "only if (1) the plaintiff has a clear right to the relief requested[,] (2) the defendant has a clear duty to act[,] and (3) no other adequate remedy is available." *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011) (citing *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003)). The party seeking a writ of mandamus "carries the burden of showing that [its] right to the issuance of the writ is clear and indisputable." *Carpenter v. Mohawk Indus. Inc.,* 541 F.3d 1048, 1055 (11th Cir. 2008) (cleaned up). The moving party bears a heavy burden as a writ of mandamus is an extraordinary remedy available "only in the clearest and most compelling of cases." *Cash*, 327 F.3d at 1257 (quotation omitted); *see also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).

"Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez v. United States Bureau of Citizenship & Immigr. Servs.*, 774 F.3d 960, 965 (11th Cir. 2014) (citing *Califano v. Sanders*, 430 U.S. 99, 105 (1977)). However, "[w]here a statute bars judicial review or agency action is committed to agency discretion by law, the [APA] does not permit judicial review." *Bouarfa v. Secretary, Dep't of Homeland Sec.*, 75 F.4th 1157, 1161 (11th Cir. 2023); *see also* 5 U.S.C. § 701 (disallowing judicial review of agency action that is "committed to agency discretion by law"). "Thus, whether a plaintiff seeks a writ of mandamus or to compel agency action under the APA, the court only has jurisdiction where the plaintiff can identify a discrete, nondiscretionary—that is, mandatory—duty for the agency to act." *Nikpanah v. U.S. Dep't of State*, No. 2:24-cv-00404-NAD, 2025 WL 374931, at *4 (N.D. Ala. Feb. 3, 2025). In other words, relief under the Mandamus Act and the APA "share a common threshold: The court may act 'only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take.'" *Karimova v. Abate*, No. 23-5178, 2024

WL 3517852, at *1 (D.C. Cir. July 24, 2024) (quoting *Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 64 (2004)).

**DISCUSSION**

Plaintiff contends that USCIS's delay, now exceeding three years, is unreasonable and asks the Court to compel adjudication of his Form I-485 application. The Court, however, lacks jurisdiction to do so.

**I. Section 1252(a)(2)(B)(ii) bars Plaintiff's APA claims.**

Title 8, United States Code, Section 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review. . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). The reference to "this subchapter" refers to Title 8, Chapter 12, Subchapter II of the United States Code, 8 U.S.C. §§ 1151–1381, *see Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010), which includes 8 U.S.C. § 1159(b), the provision governing adjustment of status for asylees like Plaintiff.

The Eleventh Circuit has held that this bar deprives district courts of jurisdiction to review challenges to the pace at which USCIS adjudicates applications for adjustment of status. *See Kanapuram v. Dir., U.S. Citizenship & Immigr. Servs.*, 131 F.4th 1302 (11th Cir. 2025). *Kanapuram* concerned a challenge to USCIS's "retrogression policy," which limited the availability of visas for certain categories of noncitizens, resulting in significant delays. The *Kanapuram* plaintiffs, like Plaintiff here, brought claims under the APA and the Mandamus Act seeking to compel USCIS to adjudicate their adjustment-of-status applications. USCIS argued that § 1252(a)(2)(B)(ii) stripped the court of jurisdiction. *Id.* The Eleventh Circuit agreed. The statute at issue in *Kanapuram*, 8 U.S.C. §1255(a), provided that an applicant's status "*may* be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe." (emphasis added). Interpreting that language, the Eleventh

Circuit held that the agency's discretion reached "not only the ultimate decision to approve or deny a visa, but also 'actions taken in the course of the decision-making process—including the pace at which that process is undertaken.'" *Id.* (quoting *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024)). Because the timing of adjudication is left to the agency's discretion, the court concluded that "challenges to that delay are barred by § 1252(a)(2)(B)(ii)." *Id.*

Section 1159(b), the provision governing Plaintiff's application, uses the same discretionary language. Like § 1255(a), it provides that the Secretary "*may* adjust" an asylee's status "in the Secretary's . . . *discretion* and under such regulations as the Secretary . . . may prescribe." 8 U.S.C. § 1159(b) (emphasis added). *Kanapuram* therefore controls. The pace at which USCIS adjudicates a § 1159(b) application is committed to the agency's discretion, and this Court lacks jurisdiction to review it. Other courts in this circuit have reached the same conclusion. *See Xia v. Edlow*, No. 8:26-cv-1549-KKM-TGW, 2026 WL 1674932, at *1 (M.D. Fla. June 10, 2026) (applying *Kanapuram* to § 1159(b) and dismissing for lack of jurisdiction); *Shojaeighadikolaei v. Dir. of U.S. Citizenship & Immigr. Servs.*, No. 25-cv-1535-JSS-DCI, 2026 WL 1529402, at *3 (M.D. Fla. June 1, 2026) (dismissing APA and mandamus claims for lack of jurisdiction because § 1252(a)(2)(B)(ii) "precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications," where the alleged delay arose from security checks rather than visa retrogression (quoting *Kanapuram*, 131 F.4th at 1306–07)).

Plaintiff's efforts to distinguish *Kanapuram* all fail. He first contends that *Kanapuram* is distinguishable because it concerned an employment-based application subject to visa retrogression, whereas adjustment under § 1159(b) is not subject to numerical limits. [ECF No. 16 at 4-6]. But the jurisdictional bar does not depend on numerical limits or an agency's policies implementing those limits. *Kanapuram* rested instead on the discretionary language of the adjustment statute, which committed the pace of adjudication to the agency, and § 1159(b) uses essentially identical language.

Courts in this circuit have accordingly applied *Kanapuram* to dismiss ordinary adjustment-delay claims unconnected to any visa shortage. *See Shojaeighadikolaei*, 2026 WL 1529402 at *3.

Plaintiff next argues that the agency's failure to adjudicate at all is different from the discretionary pace of adjudication. [*Id.* at 6–7]. That distinction does not help Plaintiff on these facts. *Kanapuram* holds that the agency's discretion covers "the pace at which [the] process is undertaken," which includes delay. 131 F.4th at 1307. Although courts in this district have allowed an "unlawfully withheld" claim to proceed where USCIS categorically refused to adjudicate applications under an *indefinite* policy hold, those same courts dismissed the accompanying unreasonable-delay claims for lack of jurisdiction. *See Batista Mulet v U.S. Citizenship & Immigr. Servs.*, No. 25-cv-24719, 2026 WL 1429279, at *5–6 (S.D. Fla. May 21, 2026) (distinguishing *Kanapuram* but dismissing the unreasonable-delay claim because the pace of adjudication is committed to agency discretion); *Lorente v. U.S. Citizenship & Immigr. Servs.*, No. 25-cv-25646, 2026 WL 1396116, at *7–9 (S.D. Fla. May 19, 2026) (holding same and dismissing the mandamus claim). Unlike *Lorente*, where the court found that a Presidential Proclamation placing an adjudicative hold on immigration benefits was sufficient to leave the withholding adjudication claim, here, Plaintiff fails to identify an analogous categorical refusal to adjudicate. Indeed, USCIS adjudicated Plaintiff's application just a few months ago, in December 2025 and, after reopening it, is in the process of issuing a new decision.[1] [ECF No. 14 ¶¶ 8–13]. Plaintiff therefore challenges only the pace of adjudication, which is committed to the agency's discretion.

Finally, Plaintiff relies on out-of-circuit decisions for the proposition that § 1252(a)(2)(B)(ii) does not bar unreasonable-delay claims. [ECF No. 16 at 8 (citing *Sharkey v. Quarantillo*, 541 F.3d 75

[1] Plaintiff's contention that the reopening of his application shows the continued delay is unjustified goes to whether any delay is unreasonable. That is a merits question the Court has no jurisdiction to reach, because the timing of a § 1159(b) adjudication is committed to the agency's discretion.

(2d Cir. 2008); *Lovo v. Miller*, 107 F.4th 199 (4th Cir. 2024); *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430 (6th Cir. 2022); *Vega v. U.S. Citizenship & Immigr. Servs.*, 65 F.4th 469 (9th Cir. 2023))]. Plaintiff has never explained why those cases are factually analogous. In any case, those decisions do not bind this Court, and they conflict with *Kanapuram*, which controls. Therefore, claims I, II, and IV are dismissed for lack of subject-matter jurisdiction.

**II. The APA independently precludes review, and the mandamus claim fails for the same reason.**

Even setting § 1252(a)(2)(B)(ii) aside, the APA does not authorize judicial review of agency action where a "statute[] preclude[s]" review or where the "action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)–(2). The same conclusion that defeats jurisdiction under § 1252(a)(2)(B)(ii)—that the pace of adjudicating a § 1159(b) application is committed to the agency's discretion—independently bars review under § 701(a)(1) and (2). A court may compel agency action under the APA only where the agency has failed to take "a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Because no statute or regulation requires USCIS to adjudicate an application under § 1159(b) within any particular timeframe, there is no discrete, nondiscretionary action for the Court to compel. *See Lovo*, 107 F.4th at 210–16 (affirming dismissal of APA and mandamus claims seeking to compel adjudication of a pending application, where USCIS had no nondiscretionary duty to adjudicate within any timeframe). Plaintiff's reliance on § 555(b) here is misguided. That Section does not supply the missing duty, because the timing of this discretionary adjudication remains committed to the agency.

The mandamus claim fails for the same reason. Mandamus relief is available only where "(1) the plaintiff has a clear right to the relief requested, (2) the defendant has a clear duty to act, and (3) no other adequate remedy is available." *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011). Because the pace of adjudication is committed to USCIS's discretion, Plaintiff has neither a clear right

to compel adjudication within a particular time nor a corresponding nondiscretionary duty on the agency's part. Claim III is dismissed as well.

## CONCLUSION

In view of the foregoing and upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss **[ECF No. 15]** is **GRANTED**.

2. The Amended Complaint [ECF No. 14] is **DISMISSED** for lack of subject matter jurisdiction, without prejudice and without leave to amend.[2]

3. The Clerk of Court is instructed to **CLOSE** this case. All existing deadlines are **TERMINATED,** and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on June 30, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[2] *See Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (holding that "a dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice").